UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JC RESORTS MANAGEMENT LLC d/b/a SURF AND SAND RESORT, a Delaware limited liability company; and DOES 1 to 10, inclusive,<br><br>　　　　Defendant. | No. 2:22-cv-00816-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant JC Resorts Management LLC's ("Defendant") Motion to Dismiss. (ECF No. 8.) Plaintiff Flor Jimenez ("Plaintiff") filed an opposition. (ECF No. 11.) Defendant filed a reply. (ECF No. 13.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a visually impaired and legally blind resident of Solano County, California. (ECF No. 1 at 2.) Plaintiff requires screen-reading software to read website content on her computer. (*Id.* at 1.) Defendant is a Delaware limited liability company with its headquarters in La Jolla, California that owns and operates a hotel in Laguna Beach, California. (*Id.* at 2.) Plaintiff alleges she encountered multiple access barriers while visiting Defendant's hotel website that denied her full and equal access to the website. (*Id.* at 8–9.)

Plaintiff filed the operative Complaint on May 13, 2022, alleging the following claims: (1) violation of the Americans with Disabilities Act; and (2) violation of the Unruh Civil Rights Act. (*Id*. at 12–15.) On June 27, 2022, Defendant filed the instant motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3). (ECF No. 8.)

## II. STANDARD OF LAW

A party may move to dismiss an action based on improper venue pursuant to Rule 12(b)(3). Fed. R. Civ. P. 12(b)(3). Once a defendant challenges venue, the plaintiff bears the burden of demonstrating that the chosen venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In determining whether venue is proper, the pleadings need not be accepted as true and the Court may consider facts outside of the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). When venue is improper, the district court can either dismiss the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III. ANALYSIS

The venue statute, 28 U.S.C. § 1391, states in relevant part, "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[1]  28 U.S.C. § 1391(b)(1).  When a defendant is an entity

---

[1] The venue statute also allows a civil action to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiff does not cite § 1391(b)(2) in his opposition and instead relies solely on § 1391(b)(1). (ECF No. 11 at 2.) As such, the Court need not and does not address the second prong of the venue statute.

2

— such as Defendant in the instant case — the statute explains that the entity, "whether or not incorporated, shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). The statute also explains how to determine the residency of corporations in states with multiple districts — such as California — as follows: "in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

Defendant argues the Court should apply § 1391(d) to determine its residency, while Plaintiff argues the Court should apply § 1391(c). (ECF No. 10 at 7; ECF No. 11 at 4.) This threshold issue is potentially dispositive. If the Court applies § 1391(d), venue in this district is proper only if Defendant is subject to personal jurisdiction in this district specifically. *See* 28 U.S.C. § 1391(d). If the Court applies § 1391(c)(2), venue is proper in this district if Defendant is subject to personal jurisdiction in any district in California. *See* 28 U.S.C. § 1391(c)(2).

What complicates the Court's determination — beyond the fact that neither party adequately briefed the issue — is that Defendant is an LLC. By its plain language, § 1391(d) applies only to defendants that are "corporations." However, several district courts — including this Court — have applied § 1391(d) to LLCs. *See Stohl v. Magic Mountain, LLC*, No. 2:17-CV-01858-TLN-DB, 2019 WL 498993, at *3 (E.D. Cal. Feb. 8, 2019) (collecting cases and explaining that "courts have reasoned that the prior statutory language of § 1391 implores courts to apply § 1391(d) to both corporations and other entities for whom venue was historically analyzed analogously with corporations, such as limited liability companies"); *but see Monster Energy Co. v. Martin*, 2017 WL 10434400, at *2 (C.D. Cal. Nov. 30, 2017) (applying § 1391(c)(2) to determine the residency of an LLC).

Ultimately, Plaintiff bears the burden of demonstrating that venue is proper. *Piedmont*, 598 F.2d at 496. Plaintiff has failed to meet his burden on this issue. The entirety of Plaintiff's argument consists of the following sentence: "28 U.S.C. § 1391(c) applies, not 28 U.S.C. §

1391(d), because 1391(d) refers only to corporations, and Defendant is an unincorporated limited liability company." (ECF No. 11 at 4.) Plaintiff fails to cite case law to support his contention. In the absence of a more developed argument, the Court will follow its own precedent in *Stohl* and apply § 1391(d) in this case.

Applying § 1391(d), the question becomes whether Defendant is subject to personal jurisdiction in this district. Plaintiff does not present any viable grounds for general jurisdiction.[2] As to specific jurisdiction, Plaintiff argues Defendant's "highly interactive" website provides sufficient contacts with the Eastern District of California.

Specific jurisdiction is satisfied when the defendant's activities are directed toward the forum state and the defendant's liability arises out of or relates to the defendant's contacts with the forum state. *Daimler*, 571 U.S. at 127. In the Ninth Circuit, courts employ a three-part test to determine whether a defendant's contacts suffice to establish specific jurisdiction: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir. 1991) (emphasis omitted).

The first prong of the three-part specific personal jurisdiction test addresses the directionality and intent of a defendant's conduct by examining whether a defendant has "purposefully availed" itself of or "purposefully directed" its conduct at or to the forum. Where, as here, a case sounds in tort, the Court employs the purposeful direction test. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). To determine whether a defendant purposefully directed its conduct at the forum state, the Court employs another three-

---

[2] Plaintiff concedes that Defendant is incorporated in Delaware and has its principal place of business in San Diego County, located in the Southern District of California. (ECF No. 11 at 2.) Plaintiff cites a law review article to argue "the legislative history of 28 U.S.C. § 1391(c) indicates that corporations reside in every district in the state of its incorporation." (*Id.*) Plaintiff's argument seems to depend on the Court applying § 1391(c)(2) rather than § 1391(d). Moreover, Plaintiff does not argue Defendant's contacts with the Eastern District of California are "so continuous and systematic as to render it essentially at home" in this district. *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (citation and quotation marks omitted).

4

part test, the "effects" test, which derives from *Calder v. Jones*, 465 U.S. 783 (1984). *Id.* For a defendant to have purposefully directed their conduct at or to a forum the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)).

Plaintiff argues Defendant purposefully directed activities to this forum because the hotel website is "highly interactive" in that it allows consumers to examine various available rooms, access special offers, explore Defendant's menus, make restaurant reservations, book spa treatments, purchase gift cards, plan events for large and small venues, and reserve hotel rooms. (ECF No. 11 at 6–7.) Plaintiff's arguments are solely based on the allegations in the Complaint, and he does not provide any further evidence on the issue.

"[F]or a defendant's website to show express aiming, the website must directly target the forum." *Knuttel v. Omaze*, 572 F. Supp. 3d 866, 871 (N.D. Cal. 2021) (citing *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020)). "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every [forum] in which it is accessed." *AMA Multimedia*, 970 F.3d at 1211 (citation omitted).

Plaintiff's broad allegations are devoid of any indication that Defendant targeted its website to the Eastern District of California.[3] For example, Plaintiff fails to demonstrate that Defendant's website had a "forum-specific focus" or was tailored to attract customers from this district. *AMA Multimedia*, 970 F.3d at 1210; *see Knuttel*, 572 F. Supp. 3d at 871 ("None of Plaintiffs' allegations . . . suggest that [Defendant's] website has a Northern District-specific focus, or even that [Defendant] markets its website in a way intended to appeal to those who live in the Northern District."). Instead, Plaintiff's allegations suggest the website was "intended to reach a global audience." *Knuttel*, 572 F. Supp. 3d at 871. For these reasons, Plaintiff fails to show Defendant is subject to specific jurisdiction in this district.

---

[3] Plaintiff also vaguely argues "there are goods for sale that can be shipped directly to a consumer in this district." (ECF No. 11 at 6.) Plaintiff does not specify what goods are shipped or how such shipment would establish specific jurisdiction in this case.

Because Plaintiff fails to establish that Defendant's contacts are sufficient to subject it to personal jurisdiction in the Eastern District of California, Defendant does not reside here under § 1391(d). Therefore, venue is improper in this district. Having found this district to be an improper venue, the Court must determine whether to dismiss or transfer the action. 28 U.S.C. § 1406(a). Defendant argues "the proper course of action for this Court is [to] transfer this case to the Southern District of California," where Defendant's headquarters are located. (ECF No. 10 at 8.) For his part, Plaintiff merely requests the case be transferred rather than dismissed. (ECF No. 11 at 9.) Accordingly, the Court finds it is in the interest of justice to transfer the case to the Southern District of California.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion (ECF No. 8) and TRANSFERS this action to the Southern District of California.

IT IS SO ORDERED.

**DATED:  December 15, 2022**

Troy L. Nunley
United States District Judge