UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>JC RESORTS MANAGEMENT LLC<br>d/b/a Surf and San Resort,<br><br>                              Defendant. | Case No.:  22-CV-1995-CAB-BGS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 29] |

Plaintiff Flor Jimenez filed her original complaint against Defendant JC Resorts Management, LLC ("JC Resorts") for violations of the Americans with Disabilities Act ("ADA") and of California's Unruh Civil Rights Act, Cal. Civ. Code § 51 (the "Unruh Act"). JC Resorts moved to dismiss the complaint for failure to state a claim, and the Court granted the motion and dismissed the complaint without prejudice, giving Plaintiff leave to amend her ADA claim. Plaintiff timely filed a first amended complaint ("FAC") against JC Resorts, but JC Resorts has not responded to the FAC, and Plaintiff has not requested entry of default. Now, Plaintiff seeks leave to file a second amended complaint ("SAC") against Regency Properties LP ("Regency"), while dismissing JC Resorts as a defendant entirely. The motion is denied.

Plaintiff's perfunctory motion states that it is unopposed by JC Resorts, which is unsurprising because the motion amounts to Plaintiff voluntarily dismissing her claims against JC Resorts. Plaintiff also claims that the motion should be granted under Federal Rule of Civil Procedure 15, which governs amended pleadings, and Rule 21, which governs misjoinder and nonjoinder of parties. Neither of these rules supports amendment here.

When the Court dismissed the original complaint, it gave Plaintiff leave to amend her ADA claim *against JC Resorts*. Although Plaintiff filed the FAC against JC Resorts, she did not prosecute that complaint, leading to the Court issuing an order to show cause. The proposed SAC, meanwhile, is not an amendment of either the original complaint or FAC; it is a new complaint against an entirely new party. Even if Plaintiff's attempt to initiate a new lawsuit against Regency could be considered an "amendment" to the original complaint against JC Resorts, Plaintiff's unreasonable delay in attempting to assert any claims against Regency (which JC Resorts first identified on June 28, 2022 [Doc. No. 10]) weighs against amendment almost one year after this case was filed. Nor does Rule 21 give relief to a plaintiff who sued the wrong party. *See Matsuoka v. United States*, 28 F.R.D. 350, 351 (D. Haw. 1961) ("Rule 21 of the Federal Rules of Civil Procedure [] relating to misjoinder and nonjoinder of parties was not adopted to give relief to a plaintiff who sues the wrong party, but to a plaintiff who sues too many parties, or not enough parties.") (internal quotation marks and citation omitted).

In light of the foregoing, the Court finds that Plaintiff has not established that she should be allowed to file the proposed SAC. The motion is therefore **DENIED**. Further, based on Plaintiff's admission that JC Resorts is not liable for the violation of the ADA alleged in the original complaint, the dismissal of Plaintiff's ADA claim against JC Resorts *without prejudice* is **VACATED**, and Plaintiff's ADA claim against JC Resorts is instead **DISMISSED WITH PREJUDICE**. If Plaintiff desires to pursue a claim for violation of the ADA against Regency, she may file a new lawsuit against Regency. The Clerk of Court shall **CLOSE** this case against JC Resorts.

It is **SO ORDERED**.

Dated: May 11, 2023

Hon. Cathy Ann Bencivengo
United States District Judge